UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DILLIA M. DAY,<br><br> Plaintiff,<br><br>v.<br><br>STATE OF MICHIGAN, *et al.*,<br><br> Defendants. | Case No. 21-10991<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTIONS [59],
ADOPTING REPORT AND RECOMMENDATION [56], AND
DISMISSING COMPLAINT**

Dillia Day filed this lawsuit against nine (or so) persons or entities. From her amended complaint, it appears that Day lived in Phoenix, Arizona for over 20 years before moving to Ypsilanti, Michigan about a year-and-a-half ago. (ECF No. 16, PageID.78.) She has had prior cases, some of which involve probation officers in both Michigan and Arizona. (*Id.* at PageID.77.) It appears that at least one of these cases involved family court. (*Id.* at PageID.82.) And apparently referring to some of the technology companies named as defendants (e.g., "technology contractors" for the U.S. Department of Defense, Facebook, Rekognition, and GoDaddy), she claims that her face was used on pornographic websites without her permission. (*Id.* at PageID.77.) Day brings claims of false arrest, a violation of substantive due process under 42 U.S.C. § 1983, interference with civil rights under § 1983, negligence, fraud, and a violation of her family's civil rights. (*Id.* at PageID.79–83.)

Beyond those basics, it is difficult to discern what Day's amended complaint is about. She says "Defendants" (without specifying which) have engaged in "neural monitoring." (ECF No. 16, PageID.77.) She alleges that "Defendants" are at all times monitoring her emails and phone calls. (*Id.* at PageID.78.) "Defendants" have also made unspecified "false statements" resulting in false arrest and a second prosecution for the same crime. (*Id.*) The following allegation is representative of the generally vague and imprecise nature of the complaint: "The State of Michigan, City of Ann Arbor Probation Agents and Maricopa County Probation Agents, ICE, Military Police, Attorney General's Office, Governors, District Attorneys in Michigan and Arizona were encouraged, authorized, directed, condoned and/or ratified unlawful and unprofessional misconduct, complained of in this complaint." (ECF No. 16, PageID.80.)

A few defendants have appeared in this case. In fact, the State of Michigan and the Michigan Department of Corrections seek dismissal. (ECF Nos. 19, 21.) Likewise for the State of Arizona. (ECF No. 22.)

All pre-trial matters in this case were referred to Magistrate Judge Anthony P. Patti. He undertook an extensive analysis to try to make some sense of Day's claims. This was an exceedingly difficult task. He now recommends that the Court grant the motions filed by the State of Michigan and the State of Arizona. (ECF No. 56, PageID.518.) He further recommends that the other six defendants be dismissed. (*Id.*) Primarily, the diligent Magistrate Judge reasoned that Day's repeated use of "Defendants" in her amended complaint failed to give any particular individual or

entity adequate notice of its alleged wrongdoing and that Day's amended complaint "contains numerous fantastic, delusional, attenuated, and totally implausible allegations." (*See id.* at PageID.507, 510, 517–518.)

Day objects—she makes 26 objections, to be precise. (ECF No. 59.) Day's objections provide a bit more information about her claims, but not much additional clarity. For instance, one of her prior cases involved a debt, and the case was inactivated in part because Washtenaw County forgave jail debts. (ECF No. 59, PageID.526.) Despite the debt forgiveness, the case was reactivated. (*Id.*) Day asserts that in 2019, the register of actions was changed to include additional probation violations even though her probation should have ended years ago. (*Id.* at PageID.527, 536.) Day attributes this to race discrimination. (*Id.*) She also mentions that the City of Phoenix and the Maricopa County Sheriff's Office have a "history of racially profiling and obstructing justice." (*Id.* at PageID.528.) Day also asserts that her ex-husband was undocumented and that they were frequently stopped by the City of Phoenix or the Maricopa County Sheriff's Office and made to pay fines, but that they never received the associated paperwork. (*Id.*) Day references the family court and asserts that she is being deprived of the right to parent her children. (*Id.* at PageID.532.) And Day blames City of Phoenix officials for interfering with her business contracts. (*Id.* at PageID.532.) Day also quotes a Michigan law that prohibits certain types of dissemination of sexually explicit material. (ECF No. 59, PageID.530.) She further alleges that D.O.D. contractors altered her credit. (*Id.* at PageID.531.)

3

Having reviewed Day's objections, the Court will overrule them and adopt Magistrate Judge Patti's report. To start, although perhaps hyper-technical, Day's objections are a day late under the Court's latest administrative order for pro se filings. *See* Fed. R. Civ. P. 6; Admin. Order 22-AO-041 (July 19, 2022); (ECF No. 59). Second, objections to a magistrate judge's report and recommendation are not the place to set forth new factual allegations. Third, even with the additional factual allegations, Day fails to cure the primary deficiencies identified by the Magistrate Judge: that it is difficult to discern which Defendant did what and when, and even if that were discernable, the allegations simply do not state a viable claim. Day's amended complaint and objections do not contain enough information about what, specifically, Defendants did to violate her rights. Indeed, many of the laws Day cites in her objections are criminal laws, and most criminal laws cannot be enforced in a civil suit.

The closest Day comes to making a true objection to the report is her response to the Magistrate Judge's determination that her claims were implausible. Reading her objections generously, she seems to indicate that it was not proper for the Magistrate Judge to, on the one hand, find her claims implausible but, on the other hand, not allow her to file an amended complaint that "provide[s] a very clear and convincing picture" of Defendants' wrongdoing. (ECF No. 59, PageID.535.)

To the extent Day makes this objection, it will be overruled. Day had already filed an amended complaint. (ECF No. 16.) Defendants moved to dismiss that complaint. (ECF Nos. 21, 22.) Then, many months later, Day filed another amended

4

complaint. (ECF No. 50.) By that point, the Magistrate Judge was well within his discretion to consider only the first amended complaint.

Accordingly, the Court overrules Day's objections and ADOPTS the Magistrate Judge's report and recommendation (ECF No. 56). As the Magistrate Judge recommended, the Court deems moot the State of Michigan and the MDOC's first motion to dismiss (ECF No. 19), GRANTS the State of Michigan and the MDOC's corrected motion to dismiss (ECF No. 21), GRANTS the State of Arizona's motion to dismiss (ECF No. 22), and dismisses Day's claims against the remaining six Defendants.

The amended complaint (ECF No. 16) is DISMISSED. And because the complaint is dismissed, all other pending motions are DENIED as moot.

SO ORDERED.

Dated: September 12, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE